Stew ART, J.
No question is made that the territorial limits of the Akron Municipal Court are confined to the city of Akron, and its only jurisdiction beyond such limits is granted by Section 1598, Gfeneral Code (Section 1901.20, Revised Code), which reads as follows:
“The court [Municipal Court] shall have jurisdiction of the violation of any ordinance of any municipality within its territory and of any misdemeanor committed within the limits of its territory. In all such prosecutions and cases the court shall proceed to a final determination thereof. The court shall have jurisdiction to hear felony cases committed within its territory and to discharge, recognize, or commit the accused. *295 The court shall also have jurisdiction within the limits of the county or counties in which its territory is situated of those crimes and offenses which are now or may hereafter be within the county-wide jurisdiction of justices of the peace.”
From a reading of the above statute, it is obvious that the Akron Municipal Court did not have jurisdiction to try defendant for an offense committed outside the court’s territory, to wit, Copley Township, unless the offense was within the countywide jurisdiction of justices of the peace. Such jurisdiction of justices of the peace in criminal matters is defined in Section 13422-2, General Code (Section 2931.02, Revised Code). It confers such jurisdiction over 18 offenses outlined in the section, of which the offense with which we are concerned is not one. It also confers county-wide jurisdiction as follows:
“A justice of the peace shall be a conservator of the peace and have jurisdiction in criminal cases throughout the township in which he is elected and where he resides, and county-wide jurisdiction in all criminal matters only upon affidavit or complaint filed by the prosecuting attorney or upon affidavit or complaint made by the sheriff, the party injured or any authorized representative of a state or federal department, in the event there is no other court of concurrent jurisdiction other than the Common Pleas Court, police court, or mayor’s court, and on view or on sworn complaint, to cause a person charged as aforesaid with the commission of a felony or misdemeanor, to be arrested and brought before himself or another justice of the peace, and, if such person is brought before him, to inquire into the complaint and either discharge or recognize him to be and appear before the proper court at the time named in such recognizance or otherwise dispose of the complaint as provided by law. He may also -hear complaints of the peace and issue search warrants.”
It was stipulated that there were two elected and qualified justices of the peace in Copley Township where defendant resided and where the offense with which she is charged is alleged to have been committed.
It is clear that, even though the affidavit was signed by the deputy sheriff, no other justice of the peace in Summit County had county-wide jurisdiction over the offense involved herein, *296 for the reason that in Copley Township there were two courts of concurrent jurisdiction other than the Court of Common Pleas, police court, or mayor’s court.
In the present situation, therefore, it is apparent that no justice of the peace had county-wide jurisdiction over the alleged offense because of the existence of courts of concurrent jurisdiction, namely, justices of the peace in the township where it occurred.
It follows that, since Copley Township is outside the territorial limits of the Akron Municipal Court, that court was without jurisdiction in the matter.
A point is raised that the Akron Municipal Court, having full power to dispose of misdemeanors within its jurisdiction, does not have concurrent jurisdiction with a justice of the peace in Copley Township, and that, because of that fact, the Municipal Court has jurisdiction.
We can not see the importance of this contention inasmuch as no justice of the peace in Summit County had county-wide jurisdiction over the offense charged herein, but, even if the contention was important, we agree with the following language of the Court of Appeals :
“Jurisdiction, as here used, means the authority to hear and determine a cause. Concurrent, as here used, means that which is joint and equal in authority. Thus, by this section— 2931.02, Revised Code- — if there is no justice of the peace court in the township, then any court of joint and equal authority in the county may hear and determine the cause. Where, however, there is a justice of the peace court in the township where the offense is committed, then such offense must be tried in that court and not in a justice of the peace court or other court of joint and equal authority in some' other township of the county.
“ ‘Concurrent,’ as here used, does not mean a court of the same name or equal in all jurisdictional respects, but it means a court having the same authority to hear and determine causes of like nature to that which is then charged against one accused of an offense.”
An example of the logic of the foregoing statement can he found in the concurrent jurisdiction of the Court of Common *297 Pleas, given by law, and of the Court of Appeals and the Supreme Court, given by the Constitution, in quo warranto, mandamus, habeas corpus, prohibition and procedendo. Although the three courts have concurrent original jurisdiction in such matters, they are not courts of the same name or equal in all jurisdictional respects. If an action in mandamus is started in the Court of Common Pleas, the judgment of that court may be reviewed by the Court of Appeals as a matter of right and by the Supreme Court, upon the allowance of a motion to certify the record. Likewise, if an action in mandamus is originally instituted in the Court of Appeals under its original jurisdiction, the judgment of that court may be reviewed by this court as a matter of right and either affirmed, modified or reversed. The functions of the three courts are quite different, and yet their original jurisdiction over the matters referred to are concurrent.
In view of what we have said, the judgment of the Court of Appeals must be, and it hereby is, affirmed.

Judgment affirmed.

Zimmerman, Bell, Taft, Matthias and Herbert, JJ., concur.